Winther, Appellant, *v.* Second & Third Streets Pass. Ry.

*Negligence—Street railways—Charge of court.*

Where in an action against a street railway company for personal injuries the trial judge has fully stated all the direct evidence bearing upon the accident, a judgment upon a verdict for defendant will not be reversed because the judge failed to refer to rebuttal testimony of a minor character, and to the effect that one of the witnesses to the direct occurrence had elsewhere stated the matter differently from his statement at the trial.

Argued Jan. 25, 1894. Appeal, No. 155, Jan. T., 1892, by plaintiff, Ernst Winther, from judgment of C. P. No. 2, Phila. Co., June T., 1889, No. 150, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries. Before FELL, J.

At the trial, it appeared that, on Feb. 13, 1889, plaintiff was ejected from a car on defendant's Allegheny line. Plaintiff by mistake had taken an Allegheny avenue car instead of a car to Frankford where he lived. When the Allegheny avenue car reached its terminus he refused to get off unless his ticket or his fare was returned to him. The conductor refused to return either, and ejected him from the car. Plaintiff then took the car to Frankford. The conductor of the Frankford car and a passenger named Slafer testified that plaintiff made no com-

plaints of having received any injury, and that he was not apparently suffering from any. In rebuttal witnesses for plaintiff testified that at a criminal hearing of the conductor of the Allegheny avenue car for assault on plaintiff, Slafer had sworn that plaintiff had stated on the second car that he had been hurt at the hands of the conductor of the first car. The testimony of other witnesses for plaintiff tended to show that plaintiff was suffering from an injury shortly after he alighted from the second car.

The court below, after reviewing plaintiff's statement of his case and some of the evidence in behalf of defendant, charged:

" [As to what occurred after he got upon the second car at Allegheny avenue there are three witnesses. Thomas Sites, the conductor, testified that he got upon the car while it was in motion, and that the horses were trotting ; that he went into the car and sat down with the other passengers and paid his fare ; that his attention was only called to him when near Frankford ; the lower part of Frankford Mr. Slafer got on the car and stood on the rear platform talking to him, and then the plaintiff came out and talked to Mr. Slafer, complaining that he had to pay two fares ; that at the instance of Mr. Slafer, when near Orthodox street, and because of the appearance of the plaintiff, he stopped his car and assisted him off ; that he walked from the car down the street as far as he saw him ; he saw no evidence of his being injured and he made no complaint at that time of any injury.

" Mr. Slafer is a gentleman who is in business in Frankford, who is acquainted with the plaintiff and the conductor. He testified that he got in this car at the lower part of Frankford ; while he was talking to the conductor the plaintiff came out of the car and talked with him ; that he said he had had a fuss with the conductor of the one-horse car ; that after some further conversation, and as they neared Orthodox street, seeing that the plaintiff was about to get off, he told the conductor to stop ; the plaintiff was about to get off the car before it crossed the street ; the conductor put his hand upon his arm to restrain him from so doing, at the same time ringing the bell, and held him in that position to prevent him getting off while the car was in motion, until the car had stopped on the other side.

" These witnesses both agreed in the statement that at that

time there was no apparent injury of the plaintiff, and that he made no complaints.

" The conductor is corroborated by the driver in saying that the plaintiff got upon his car while it was in motion and while the horses were trotting.    This is the material testimony in the case.] " [1]

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*P. F. Rothermel, Jr.*, for appellant, cited : Reichenbach v. Ruddach, 127 Pa. 564 ; Burke v. Maxwell's Admr., 81 Pa. 153 ; Herstine v. R. R., 151 Pa. 245.

*John G. Johnson*, for appellee, cited : Krepps v. Carlisle, 157 Pa. 358 ; Fredericks v. R. R., 157 Pa. 103 ; Fox v. Fox, 96 Pa. 60.

PER CURIAM, February 12, 1894 :

An examination of this record, with special reference to the single assignment of error to the charge of the learned trial judge, has failed to disclose anything of which the plaintiff has any just reason to complain.    There is nothing in the case that requires further comment.

Judgment affirmed.